## Cushman *v.* Blakesly.

In a suit conducted by an administrator of an estate, where the father is the sole heir at law of the intestate, it is error, under the Code, to admit the father as a witness in behalf of the estate.

Appeal *from Jefferson District Court.*

*Opinion by* Greene, J.   It appears by the bill of exceptions in this case, that the suit was commenced before a justice of the peace, by William Mills, by his next friend, John Mills; that the suit was appealed to the district court, and while pending there, the said William died; and thereupon Charles Blakesly as administrator was substitute as a party, and on the trial of the cause, said John Mills, the father and heir of William, was introduced as a witness in the cause, but as William died without wife or children the testimony of his father, John, was objected to on the ground of interest; but the court overruled the objection and admitted the testimony.   In this it is claimed the court erred.

The court below, concede in the bill of exceptions, that at common law, the witness would be incompetent; but

admits his testimony under the Code, §§ 2388, 2390; still even under the code, we think the witness was erroneously admitted. As the sole heir at law of the plaintiff, his deceased son, he had a direct, certain, legal interest in the event of the suit, and was therefore rendered incompetent by § 2390 of the Code.

The interest was as certain, as direct, and as legal in the suit, as his son's could have been if living. In a word, he was the only person as the successor of his son, who was directly interested in the successful prosecution of the suit.

Judgment reversed.

*Chas. Negus*, for appellant.

